**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| JACQUELYN A. JONES,<br><br>               Plaintiff,<br>v.<br><br>SUN PHARMACEUTICAL INDUSTRIES LTD.,<br><br>               Defendant. | Civil No.:  3:19-cv-00566 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Jacquelyn A. Jones ("Plaintiff") brings this action against Sun Pharmaceutical Industries, Inc.[1] ("Defendant" or "Sun") alleging that she was subjected to a hostile work environment and then terminated based on her sex. As discussed below, Plaintiff's hostile work environment claim is time-barred and, in any event, fails to state a claim as a matter of law.

Outside of bare, conclusory statements, Plaintiff's factual allegations in support of her hostile work environment claim consist of allegations that a manager was rude to her and failed to respond to her emails during her employment with Sun through "October 2017." Thus, Plaintiff's hostile work environment claim is time-barred because the latest day in October, October 31, 2017, is more than 300 days before Plaintiff filed her Charge of Discrimination (her "Charge") with the Equal Employment Opportunity Commission ("EEOC").

---

[1] As addressed in the parties' pending Joint Motion to Substitute Proper Party Defendant (ECF 5), Sun Pharmaceutical Industries Ltd. was not Plaintiff's employer and therefore is not the proper party in interest in this case. The proper party in interest is Sun Pharmaceutical Industries, Inc., which was Plaintiff's employer. Accordingly, this Motion to Dismiss is made on behalf of Sun Pharmaceutical Industries, Inc. To the extent necessary, Sun Pharmaceutical Industries Ltd. adopts the arguments set forth herein.

Even if Plaintiff's hostile work environment claim was not time-barred, Plaintiff's factual allegations describe nothing more than the normal tribulations of the workplace, which do not come close to the high "severe or pervasive" standard required to make an actionable claim. Accordingly, for those separate, but equally dispositive reasons, Plaintiff's hostile work environment claim must be dismissed for failure to state a claim upon which relief can be granted.

## I.     SUMMARY OF ALLEGED FACTS RELATING TO HOSTILE WORK ENVIRONMENT CLAIM

Plaintiff alleges that she filed her Charge with the EEOC "on or about October 31, 2018" and received a Notice of Right to Sue "dated May 22, 2019." (Compl. ¶ 19.) Thereafter, on August 7, 2019, Plaintiff filed the instant Complaint alleging the following counts: (i) Count I – "Claim For Gender Discrimination Under Title VII"; and (ii) Count II – "Claim For Hostile Work Environment Under Title VII."

Applicable to Sun's Partial Motion to Dismiss, Plaintiff's hostile work environment claim is based on the following allegations:

8.     Ms. Jones encountered frequent incidents of hostility as a women, particularly by the Head of Commercial Operations Mitchell Freidberg. Freidberg made no effort to conceal his clear preference for male sales managers. He routinely failed to respond to Ms. Jones' emails although he responded to e-mails from male sales managers counterparts.

9.     Freidberg was also noticeably rude to Ms. Jones during management meetings, directing his comments and gaze only towards males managers. His behavior became so apparent that following a managers meeting in October 2017 in New Jersey, six other managers approached Ms. Jones and commented that it was obvious that Friedberg "hated" her.

10.     Ms. Jones shared her concerns at that time with her direct supervisor, National Sales Director Bill Uriell, that she was being

> subjected to disparate treatment by Freidberg. Uriell concurred that
> Friedberg treated her differently than the male sales managers.

(Compl. ¶¶ 8-10.)

The above allegations represent the entirety of Plaintiff's allegations regarding any "hostile" conduct on the part of Sun or its employees.  As explained below, those allegations fails to state a claim of hostile work environment as a matter of law.

## II.    LEGAL ARGUMENT

### A.    Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This means that "[i]n order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must 'allege facts sufficient to state all the elements of her claim.'" *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

The Court's assessment of the pleadings is "context specific," requiring "the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678.  To that end, the Court is not "obligated to assume the veracity of the legal conclusions drawn from the facts alleged." *Lambert v. Whiting Turner Contractor*, No. 1:15-CV-958-GBL-MSN, 2016 WL 2946176, at *2 (E.D. Va. May 19, 2016) (citing *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008)).  Similarly, "a complaint is insufficient if it relies upon 'naked assertions' and 'unadorned conclusory allegations' devoid of 'factual enhancement.'" *Id*. (citing *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)).

Ultimately "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief'" and, accordingly, the complaint must be dismissed. *Iqbal*, 556 U.S. at 678 (citing Fed. R. Civ. P. 8(a)). As explained below, that is the case here.

## B. Plaintiff's Hostile Work Environment Claim Must Be Dismissed.

### 1. Plaintiff's Hostile Work Environment Claim Is Time-Barred.

Because Virginia is a deferral state, Plaintiff had to file her claims with the EEOC within 300 days of Sun's alleged discriminatory act(s). 42 U.S.C. § 2000e–5(e)(1); *Vasquez v. Potomac Hosp., Inc.*, No. 1:10-CV-216, 2010 WL 3984685, at *3 (E.D. Va. Oct. 8, 2010) ("Virginia is a deferral state, so a prospective plaintiff has 300 days from the last act of discrimination to file a charge with the EEOC") (citing *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002)). With respect to Plaintiff's hostile work environment claim, Plaintiff has failed to allege any claim within the required 300-day period.

Plaintiff alleges that Sun's Head of Commercial Operations, Mitchell Freidberg, engaged in the alleged conduct that gives rise to her hostile work environment claim. Specifically, she claims that Freidberg had a preference toward male sales managers, failed to respond to Plaintiff's emails, and was "noticeably rude" to Plaintiff in meetings. (Compl. ¶¶ 7-8.) Plaintiff's final allegation is that Freidberg's "behavior became so apparent that following a managers meeting in October 2017 in New Jersey, six other managers approached Ms. Jones and commented that it was obvious that Friedberg 'hated' her." (*Id.* at ¶ 8.)

Accordingly, based on those scant allegations, the last date any hostile conduct allegedly occurred is October 2017. Even if one assumes that "October 2017" means October 31, 2017,

Plaintiff alleges that she filed her EEOC Charge on October 31, 2018 – more than 300 days after October 31, 2017 – making her claim untimely.  (*See* Compl. ¶ 19.)

Moreover, the "continuing violation" doctrine cannot save Plaintiff.  "Although evidence of behavior occurring outside of the applicable limitations period can be used to support a plaintiff's hostile work environment claim, there must be at least one act contributing to that hostile work environment that takes place within the statutory time period."  *Haburn v. Petroleum Marketers, Inc.*, No. 707CV00240, 2007 WL 4269064, at *5 (W.D. Va. Nov. 29, 2007) (citation omitted).  Here, Plaintiff does not allege that any conduct giving rise to her hostile work environment claim occurred within the 300-day period.  For that reason, Plaintiff cannot rely on the "continuing violation" doctrine and her hostile work environment claim is untimely and must be dismissed.  *Vasquez v. Potomac Hosp., Inc.*, No. 1:10-CV-216, 2010 WL 3984685, at *3 (E.D. Va. Oct. 8, 2010) (dismissing hostile work environment claim as untimely because plaintiff could not show "at least one event of sexual harassment occurred within the statutory limitations period"); *Maiden v. Cty. of Albemarle*, No. 3:09CV00034, 2009 WL 2511951, at *4 (W.D. Va. Aug. 17, 2009) (dismissing claim where "[a]ll of the specific allegations of sexual harassment in the Complaint are of incidents that occurred prior to" the 300-day limitation and holding that plaintiff's general allegation that "the sexual harassment continued throughout his employment . . . is insufficient to allow the Court to draw the conclusion that at least one incidence of harassment occurred within the limitations period.").

Accordingly, Plaintiff's claim in Count II should be dismissed with prejudice as a matter of law.

### 2.    Plaintiff Does Not Allege Facts That Are Sufficient To Establish A Hostile Work Environment Claim.

Even if her hostile work environment claim were not time-barred, Plaintiff still does not allege facts sufficient to state a claim upon which relief can be granted, providing an additional reason for its dismissal.  Specifically, to state a hostile work environment claim, Plaintiff must allege facts to prove that: (1) she experienced unwelcome harassment; (2) the harassment was based on her sex; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer.  *Bass*, 324 F.3d at 765.

Plaintiff's allegations must meet the "high bar" of demonstrating that her workplace was "permeated with discriminatory intimidation, ridicule and insult ... that is sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment."  *Hill v. Panetta*, No. 1:12-CV-350, 2012 WL 12871178, at *8 (E.D. Va. Oct. 4, 2012), *aff'd*, 561 F. App'x 264 (4th Cir. 2014) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).  "Relevant considerations 'may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"  *Id.* (citing *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 184 (4th Cir. 2001)).  It is well-established that "ordinary tribulations of the workplace" do not rise to the level of severe or pervasive harassment necessary to state a hostile work environment claim.  *Thomas v. Potter*, No. 1:06 CV 377, 2006 WL 2850623, at *5 (E.D. Va. Oct. 3, 2006) (citing *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S. Ct. 2405, 2415 (2006)).

Here, other than conclusory assertions that Freidberg had a "preference for male sales managers" and that she was treated "differently," Plaintiff's claim is limited to allegations that

Freidberg (1) "routinely failed to respond to [Plaintiff's] emails although he responded to e-mails from male sales managers counterparts;" (2) was "noticeably rude to [Plaintiff] during management meetings, directing his comments and gaze only towards males managers;" and (3) that other unidentified co-workers – not Freidberg – alleged that "Freidberg 'hated' her." (Compl. ¶¶ 8-10.)

Even if taken as true for the purposes of this Motion, this alleged conduct is the quintessential example of "ordinary tribulations of the workplace." *Hill,* 2012 WL 12871178, at *9 (allegations of being "criticized for h[er] work performance, receiv[ing] warnings for failing to report to work, and [being] subject to rude conduct,' [ ] are simply 'complain[ts] about the ordinary tribulations of the workplace'") (citing *Thomas*, 2006 WL 2850623, at *5). The Fourth Circuit and the district courts within it have consistently held that harsh criticism or rude behavior, which Plaintiff – at most – alleges here, are not sufficient to establish a hostile work environment claim. *See Graham v. Prince George's Cty.*, 191 F. App'x 202, 204–05 (4th Cir. 2006) ("reprimands . . . regarding her performance and the harsh way in which [it was] communicated . . . reflect[ ] an unpleasant working environment, they did not support a hostile one based on an unlawful characteristic"); *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006) (complaints of "rude treatment" by a supervisor and co-worker "fall[ ] short of that required to sustain a hostile work environment claim"); *see Springs v. Brown*, No. 3:09CV352, 2010 WL 2347946, at *6 (W.D.N.C. June 9, 2010) ("[g]eneralized job grievances or personality conflicts are not sufficient to state a claim for a hostile work environment").

As this Court aptly put in *Hill v. Panetta*, Plaintiff's "pleadings lack any allegation that there was ever any statement or action that crossed the line from unpleasant to federally actionable." 2012 WL 12871178, at *9. Based on the foregoing, Plaintiff's hostile work

environment must be dismissed as it does not come close to alleging facts necessary to demonstrate a "severe or pervasive" work environment.  *See Bass*, 324 F.3d at 765 ("the facts [Plaintiff] alleges merely tell a story of a workplace dispute . . . and some perhaps callous behavior by her superiors.  They do not describe the type of severe or pervasive gender . . . based activity necessary to state a hostile work environment claim. [Plaintiff] was required to plead facts in support of her claim, and she had failed in that regard.").

As Plaintiff's allegations fail to meet the applicable pleading standard, Defendant's Motion should be granted.

## III.   CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss, dismissing Plaintiff's hostile work environment claim with prejudice.

Respectfully Submitted,

/s/ Mark J. Passero
John T. McDonald (VSB No. 45633)
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
(609) 524-2041 (Telephone)
(609) 951-0824 (Facsimile)
jmcdonald@reedsmith.com

Mark J. Passero (VSB No. 90463)
REED SMITH LLP
Riverfront Plaza – West Tower
901 E. Byrd Street - Suite 1700
Richmond, VA 23219
(804) 344-3400 (Telephone)
(804) 344-3410 (Facsimile)
mpassero@reedsmith.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of October, 2019, a true and correct copy of the

foregoing was served via the Court's ECF systems on the following counsel of record:

> Scott Gregory Crowley (Va. Bar No. 31216)
> Virginia Bar No. 31216
> Attorney for Jacquelyn A. Jones
> Crowley & Crowley, P.C.
> 4870 Sadler Road, Suite 300
> Glen Allen, VA 23060
> Phone: (804) 205-5010
> Fax: (804) 205-5001
> scrowley@crowleyandcrowley.com

> *Counsel for Plaintiff*

> /s/ Mark J. Passero
> Mark J. Passero (VSB No. 90463)
> REED SMITH LLP
> Riverfront Plaza – West Tower
> 901 E. Byrd Street - Suite 1700
> Richmond, VA 23219
> (804) 344-3400 (Telephone)
> (804) 344-3410 (Facsimile)
> mpassero@reedsmith.com

> *Counsel for Defendant*